## Case No. 15,184.

UNITED STATES v. GALLAGHER.

[See Case No. 3,393.]

## Case No. 15,185.

UNITED STATES v. GALLAGHER.

[2 Paine, 447.] [1]

Circuit Court, New York.[2]  March, 1832.

INDICTMENT—ASSAULT WITH DANGEROUS WEAPON.

The twenty-second section of the crimes act of March 3, 1825 (7 Bior. & D. Laws, 401 [4 Stat. 115]), providing for the punishment of assaults with dangerous weapons, contemplates a misdemeanor and not a felony; and in an indictment under the act for such an offence, it is not necessary to charge that the assault was committed feloniously, or with intent to perpetrate a felony.

The prisoner was indicted under the twenty-second section of the crimes act of March 3, 1825 (7 Bior. & D. Laws, 401 [4 Stat. 115]). The indictment charged "that the prisoner, [James] Gallagher, on the high seas, with a dangerous weapon called a tormentor, (being a meat-hook,) held in his right hand, in and upon Isaiah Hartless did make an assault." &c. Moved, in arrest of judgment, that the indictment was bad, in not charging the assault to have been committed "feloniously," or with an intent to perpetrate a felony; that the mere use of a dangerous weapon, abstracted from the "intent" with which used, was not contemplated to have been made a "felony"; that the twenty-second section had in view the use of a dangerous weapon with a felonious intent, and intended generally to punish "felonious assaults." The phraseology indicated this classification. All the other assaults named were "felonies," and the word "other," in the sentence, "shall, with a dangerous weapon, or to perpetrate any other felony," supposes "the intent to commit a felony" as necessary to be charged on an assault with a dangerous weapon. In support of this construction, the view taken of the twenty-second section by the chairman of the judiciary committee, Mr. Webster (1 Gales & Sea. 330), was referred to, who remarks, "that no provision had been made for that class of offences called 'felonious assaults,' for want of which it had actually happened that a sailor, who cut the throat of his captain with 'a razor' from ear to ear, could receive no punishment whatever, because the captain had recovered." That the omission in the indictment was fatal, 2 Hale, P. C. 170, 184, and Starkie, Cr. Pl. c. 4, pp. 80, 242, were cited.

After advisement, the court, by THOMPSON, Circuit Justice, decided, that the phraseology of the twenty-second section was not free from obscurity; but the court were of opinion that the act contemplated, a misdemeanor, and not a felony, in providing for an assault with a dangerous weapon. That the indictment, therefore, was well enough. The prisoner was, accordingly, sentenced.

J. A. Hamilton, for the United States.

W. O. Morton, for prisoner.

NOTE. In North Carolina, the court may inflict a fine only upon one convicted of an assault and battery, with intent to kill; they are not bound to imprison. State v. Roberts, 1 Hayw. (N. C.) 176. If one man deliberately kills another, to prevent a mere trespass on his property, whether that trespass could or could not be otherwise prevented, it is murder; and consequently an assault with intent to kill, cannot be justified, on the ground that it was necessary to prevent trespass on property. State v. Morgan, 3 Ired. 186. A man shall not even in defence of his person or property, except in extreme cases, endanger human life, or great bodily harm. Id. In criminal, as in civil cases, if there be an assault, it cannot be justified, other than by showing specially, all the circumstances which render the act rightful; and the sufficiency of the alleged justification is a matter of law. Id.

In Pennsylvania, an assault and battery with intent to commit a capital offence, as rape or murder, or an attempt to commit the crime against nature, offences in their nature infamous, would fall within the class of offences described in the fourth section of the act of April 5, 1790, as offences not capital, for which by the laws in force before the act to amend the penal laws of this state, burning in the hand, cutting off the ears, placing in the pillory, whipping or imprisonment for life, was or might be inflicted. Offences of this description might be punished by imprisonment at hard labor for any term not exceeding two years, at the discretion of the court, in pursuance of the fourth section of the act of April 5, 1790: and by the act of 4th April, 1807, the time is extended to a period not exceeding seven years. The court, in giving the opinion in Scott v. Com., 6 Serg. & R. 227, did not decide upon the proper punishment for an assault and battery with intent to kill, but simply determined that this offence did not subject the

---

[1] [Reported by Elijah Paine, Jr., Esq.]
[2] [District not given.]

party to the punishment pronounced in that case. It was not usual in Pennsylvania, (nor ever, it is believed, exercised before the act for reforming the penal laws,) to inflict whipping, the pillory, or imprisonment for life, or other ignominious corporal punishments, for any assault, whatever the intention might be, unless committed with very atrocious designs on the person, as with intention to murder, ravish, or commit the unnatural crime; and, therefore, the fourth section of the act of April 5, 1790, and the act of 4th April, 1807, do not authorize imprisonment at hard labor to be inflicted for an assault with intent to steal from the pocket of another. Rogers v. Com., 5 Serg. & R. 463.

In Alabama, an indictment under the second section, fifteenth chapter of the Penal Code, for an assault with intent to kill, must, within the terms of the act, allege that the individual assaulted was a white person; and an indictment which does not contain that allegation, cannot be aided by a verdict finding the fact affirmatively. Nelson v. State, 6 Ala. 394. When a slave is indicted for an assault on a white person with intent to kill and murder, and the verdict is "guilty of an assault with intent to kill" only, it is considered a finding of guilty only so far as it is expressed, and not guilty of an assault with intent to murder. But it is a capital offence for a slave to assault a white person with intent to kill, although if the intention had been consummated, the killing would have been manslaughter only. Nancy v. State. 6 Ala. 483. In the case of a white person such a verdict only amounts to a conviction of assault and battery, and a sentence to the penitentiary is erroneous. An indictment which charges both cruel and unusual punishment of a slave is not bad for duplicity, although the statute declares that "no cruel or unusual punishment shall be inflicted on a slave," but it is not enough that the indictment should pursue the words of the statute; it must state what punishment was inflicted. 8 Ala. 313; 6 Ala. 664.

In Georgia, the black act of 9 Geo. I. is not in force, and an indictment for an assault with intent to murder, is the proper mode of prosecuting offences which, in England, came under that act. State v. Campbell. T. U. P. Charlt. 166.

In Tennessee, the statute of 1820, c. 9, does not limit prosecutions for assaults with intent to murder to twelve months from the commission of the offence. The superior court has jurisdiction of the latter offence; the statute of 1797, which gives exclusive jurisdiction to the county courts of all indictments for assaults and batteries, being held not to apply to such cases. State v. Sharp, 5 Yerg. 245; State v. Anderson, 2 Overt. 6. A conviction upon an indictment for an assault with intent to murder, cannot be pleaded in bar to an indictment for murder, for the offences are distinct in their legal character, and in no case, said the court, could a party on trial for one be convicted of another. The true test, said Chief Justice Shaw, to determine whether a conviction or acquittal upon one indictment is a good bar to another, is well expressed in East's Crown Law, as drawn from the case of Rex v. Vandercomb, 2 Leach, 708. "These cases establish the principle, that unless the first indictment were such as the prisoner might have been convicted upon by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second." 12 Pick. 496; 19 Pick. 479. An assault with intent to commit murder, being made a felony by the Penal Code of Alabama, is an offence to which there may be accessories. Hughes v. State, 12 Ala. 458.

In Virginia, on an indictment for unlawful stabbing with intent to maim, disfigure, disable and kill, a verdict that the prisoner is "guilty of unlawful stabbing," will not authorize a judgment; but the court should direct a new trial. Marshall v. Com., 5 Grat. 663.

In an indictment under the statute in Mississippi, for an assault with intent to kill, the accused must be charged with having made an assault on a certain person, with intent to kill that person; and where the indictment alleges an intent merely to kill generally, judgment upon a verdict of guilty will be arrested. Jones v. State. 11 Smedes & M. 315.

In Pennsylvania, where the indictment for assault and battery alleged that the defendant maliciously, &c., did bite or cut off the ear of W. C., and with a certain knife the said W. did stab, &c., with intent him, the said W., wickedly, maliciously, and inhumanely to kill and destroy, it was objected that the charge was stated disjunctively—that he did bite or cut off the ear. But the court stated, that although this would be an objection not to be got over were this the charge alone, it is not material in this case, because the assault and battery is the offence, and the mode, the extent of the injury, and the intention with which it was inflicted, are merely circumstances of aggravation. The offence is the assault and battery with intent to kill, which is sufficiently described, and is punishable by law. Scott v. Com., 6 Serg. & R. 225.

In Missouri, on an indictment for a felonious assault and battery under the thirty-eighth section, second article, of the act concerning crimes and punishments, if the wound inflicted be a dangerous wound likely to produce death, it is sufficient, although the weapon be not a deadly weapon; and if the weapon be a deadly weapon, or likely to produce great bodily harm, it is not necessary that the wound should be a dangerous wound. Carrico v. State, 11 Mo. 579.

In an indictment for an assault with an axe, it will be inferred that it was a deadly weapon without such allegation. Dollarhide v. U. S., 1 Morris (Iowa) 233.